IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>COEUR D'ALENE PAVING, INC.,<br><br>       Defendant. | Case No. CV-07-267-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion for Partial Summary Judgment (Docket No. 16) and Plaintiff's Motion for Partial Summary Judgment (Docket No. 24). The Court heard oral argument on the motions on July 9, 2008. For the reasons expressed below, the Court will deny both motions.

## ANALYSIS

### I. Summary Judgment Standard of Review

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the

**Memorandum Decision and Order – 1**

"principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Liberty Lobby*, 477 U.S. at 255. If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.

**Memorandum Decision and Order – 2**

2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

## II.   Summary Judgment Standard for Racial Discrimination Claim

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To prevail on a hostile workplace claim premised on race, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. *Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir. 1998); *see also*

**Memorandum Decision and Order – 3**

*McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1113 (9th Cir. 2004); *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993). Whether an environment is hostile or abusive can be determined only by looking at all the circumstances. *Harris*, 510 U.S. at 23.

A plaintiff must prove that the work environment was both subjectively and objectively hostile. *McGinist*, 360 F.3d at 1113. Allegations of a racially hostile workplace must be assessed from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff. *Id.* at 1115. Factors the Court should consider in determining objective hostility include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *McGinest*, 360 F.3d at 1113 (9th Cir. 2004). No single factor is required. *Harris*, 510 U.S. at 23. "The required level of severity or seriousness varies inversely with the pervasiveness or frequency of the conduct." *McGinest*, 360 F.3d at 1113. (internal citation and quotation omitted).

### III. Defendant's Motion for Partial Summary Judgment

Defendant seeks dismissal of Plaintiff Marcus Smith's hostile work environment claim. Smith essentially complains about two areas of racial discrimination: (1) personally hearing co-worker Mike Mahoney tell a portion of a

**Memorandum Decision and Order – 4**

racial joke that included the "N" word; and (2) second-hand accounts that Mike Mahoney repeatedly used racial slurs and jokes in the workplace. Simply overhearing a portion of one racial joke is not, by itself, sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment; it is more akin to a mere offensive utterance. The question here is whether the additional second-hand accounts create such an environment.

Based on the record before the Court, it is impossible for the Court to make that determination at this point because of the conflicting interpretations of the facts. On the one hand, there is evidence that Mahoney made several racially insensitive remarks about African-Americans, including repeated use of the "N-word." However, on the other hand, it is unclear whether Smith was aware of the extent of the statements. Smith only testifies that he had "been hearing stuff about him [Mahoney] saying a lot of racial stuff." (McCrea Aff., Ex. B, p.36).[1] Moreover, Smith suggests that he had very little contact with Mahoney, and that he had no problems with the co-worker with whom he worked on a day-to-day basis. (McCrea Aff., Ex. B, p. 76). Although it is an exceedingly close question, the Court finds that under these circumstances there is a genuine issue of disputed fact

---

[1] Smith also testified about his concerns living in Coeur d'Alene, Idaho because of "all the past racial stuff." (Kucuk Decl., Ex. B, p. 85-86). However, Coeur d'Alene Paving Inc. is cannot be held responsible for allegations against Northern Idaho in general.

**Memorandum Decision and Order – 5**

as to whether Smith's work environment was hostile or abusive on both the subjective and objective level, and whether the conduct affecting Smith's work environment was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Gregory*, 153 F.3d at 1074. The issue is better left to the jury. Accordingly, the Court will deny the motion for summary judgment.

## IV.     Plaintiff EEOC's Motion for Partial Summary Judgment

Unlike Smith, plaintiffs Shawn and Richard Fletcher were personally confronted with much more frequent and direct racially derogatory statements by Mahoney. Evidence in the record indicates that Mahoney, while working directly with the Fletchers, repeatedly used the "N-word" and other offensive racial slurs, such as "coon," "coon food," "n-----juice," "n-----water," "n-----head" and references or jokes about African-Americans and chicken and watermelon. (Kucuk Decl., Ex. D, Mahoney Dep., 33:20-25; 34:8-11; 30:16-23; 49:17-24; 53:5-6; & Exs. H, I, J). Defendant contends, however, that the conduct was not unwelcome because the Fletchers engaged in similar rhetoric, also repeatedly using the "N-word." (McCrea Decl., Ex. A, pp. 32034, 50, 65-66; Ex. B, pp. 27-28).

"Whether words or conduct were unwelcome presents a difficult question of proof turning largely on credibility determinations committed to the factfinder."

**Memorandum Decision and Order – 6**

*Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 476 (7th Cir. 2004). Again, this is a close call. But, given the competing testimony about the context of the racial statements made in this case as well as the evidence that the Fletchers engaged in similar conduct, the Court concludes that the question of whether Mahoney's conduct was unwelcome is better left to a jury. Accordingly, the Court will deny Plaintiffs' motion for summary judgment.

## V.     Motions to Strike

Each party filed a motion to strike certain testimony. Because those portions of the record do not affect the Court's analysis of the pending motions, the Court will deem the motions moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment (Docket No. 16) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 24) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (Docket No. 38) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (Docket No.

41) shall be, and the same is hereby, DEEMED MOOT.

      IT IS FURTHER ORDERED that the Clerk of the Court shall set this case for a status conference for the purpose of setting a trial date.



DATED:  **July 11, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 8**