WILLIAM R. TAMAYO, REGIONAL ATTORNEY
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
350 THE EMBARCADERO, SUITE 500
SAN FRANCISCO, CALIFORNIA 94105-1260

JOHN F. STANLEY, SUPERVISORY TRIAL ATTORNEY
MOLLY KUCUK, TRIAL ATTORNEY
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
Molly.Kucuk@EEOC.gov
Tel: (206) 220-6892
Fax: (206) 220-6911

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br><br>COEUR d'ALENE PAVING, INC.,<br><br>　　　　　　Defendant. | CASE NO. CV-07-00267-BLW<br><br><br><br>[PROPOSED] CONSENT DECREE |

/// /// ///

[PROPOSED] CONSENT DECREE

- 1 -

I.       INTRODUCTION

1.      This action originated with discrimination charges filed by Shawn Fletcher and Richard Fletcher with the U.S. Equal Employment Opportunity Commission ("EEOC") in Seattle, Washington on January 21, 2006 and February 20, 2006, respectively.  Mr. Shawn and Mr. Richard Fletcher alleged that Coeur d'Alene Paving, Inc. (hereinafter "Coeur d'Alene Paving") subjected them to harassment based on their race (African American) in violation of § 703 of Title VII, 42 U.S.C. § 2000e-2(a) ("Title VII").

2.      The EEOC sent Coeur d'Alene Paving a Letter of Determination with a finding of reasonable cause that it had violated Title VII dated March 14, 2007 with respect to Shawn Fletcher and Richard Fletcher's charges of discrimination.

3.      The EEOC filed this lawsuit on July 25, 2007 in the United States District Court for the District of Idaho on behalf of Mr. Shawn Fletcher and Mr. Richard Fletcher and a class of similarly situated individuals, alleging that from at least May 1, 2005 until November 2005, Coeur d'Alene Paving had subjected both men to harassment based on their race.

4.      The parties want to conclude fully and finally all claims arising out of the EEOC's complaint, and the charges of discrimination filed with EEOC by Mr. Shawn Fletcher and Mr. Richard Fletcher, and class member Marcus Smith.  They enter into this Consent Decree to further the objectives of equal employment as set forth in Title VII.

II. NONADMISSION OF LIABILITY AND NONDETERMINATION
BY THE COURT

5.      This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Coeur d'Alene Paving of a violation of Title VII.

[PROPOSED] CONSENT DECREE

### III. JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The employment practice alleged to be unlawful in the EEOC's complaint filed herein occurred within the jurisdiction of the United States District Court for the District of Idaho.

### IV. SETTLEMENT SCOPE

7. This Consent Decree is the final and complete resolution of all Title VII allegations of unlawful employment practices contained in the complaint filed on behalf of Mr. Shawn Fletcher and Mr. Richard Fletcher and a class of similarly situated individuals, including all claims by the parties for attorney fees and costs. The Consent Decree resolves all issues and claims arising out of this complaint this complaint, and is binding and final as to all such issues and claims.

### V. MONETARY RELIEF

8. In settlement of this lawsuit, Coeur d'Alene Paving agrees to pay $60,000, divided between the three claimants as follows: Defendant will pay $30,000 to Mr. Shawn Fletcher, $24,000 to Mr. Richard Fletcher, and $6,000 to Mr. Marcus Smith, payment of which is to be provided by certified mail to addresses to be provided, with copies to the EEOC. Payments will be made according to the following schedule: $10,000 paid at time of signing of this consent decree; $10,000 paid on November 30, 2008; $10,000 paid on December 30, 2008; $10,000 paid on July 1, 2009; $10,000 paid on August 1, 2009; and $10,000 paid on September 1, 2009.

## VI. INJUNCTIVE AND OTHER RELIEF

    A    General Provisions

9.    Coeur d'Alene Paving, its officers, agents, managers, assistant managers and other supervisors and all human resource professionals who provide advice and assistance to the foregoing individuals are enjoined from engaging in practices which constitute harassment based on an employee's race, and which constitute retaliation for an individual engaging in protected EEO activity.  In recognition of its obligations under Title VII, Coeur d'Alene Paving will institute the policies and practices set forth.

    B.    Anti-Discrimination Polices and Procedures

10.    Coeur d'Alene Paving shall prevent harassment, discrimination, and retaliation. Coeur d'Alene Paving shall provide training to its employees, managers, and supervisors to understand its Equal Employment Opportunity ("EEO") policies and how those policies define and identify what constitutes harassment, discrimination and retaliation, and shall make managers and supervisors personally accountable by linking their performance appraisals and compensation to the effective implementation of its EEO policies.

11.    Within ninety (90) days of the date of the effective date of this Consent Decree, Coeur d'Alene Paving shall: (a) institute an EEO policy which adequately prohibits harassment, discrimination, and retaliation, addresses Coeur d'Alene Paving's obligation to provide a work environment free of harassment, discrimination, and retaliation for its employees, and affirms its commitment not to retaliate against any employee for engaging in protected EEO activity; and (b) distribute its EEO policy to all present and future employees, both management and non-management.

[PROPOSED] CONSENT DECREE

C.    <u>Training</u>

12.    Within sixty (60) days of the execution of this Consent Decree, Coeur d'Alene Paving shall develop and present to all employees, managers, assistant managers, and supervisors, and all human resource professionals who provide advice and assistance to the foregoing individuals, no less than six (6) hours of face-to-face training by a qualified trainer on harassment, employment discrimination, and retaliation for engaging in protected EEO activity. The EEOC will have an opportunity to view the training materials prior to the training date.

Annually thereafter for the life of this Consent Decree, Coeur d'Alene Paving will require: (1) all employees, managers, assistant managers and supervisors, and all human resource professionals who provide assistance to the foregoing individuals to complete six (6) hours of face-to-face training by a qualified trainer on harassment, employment discrimination and retaliation.

D.    <u>Expungement of Records</u>

13.    Coeur d'Alene Paving shall not disclose any information or make reference to any charge of discrimination that is the subject of the lawsuit or this lawsuit in responding to employment reference requests for information about Mr. Shawn or Mr. Richard Fletcher or Mr. Marcus Smith.

14.    Coeur d'Alene Paving shall expunge from the personnel files of Mr. Shawn and Mr. Richard Fletcher and Mr. Marcus Smith, any reference to their charges of discrimination against Coeur d'Alene Paving and this lawsuit. If Mr. Shawn or Mr. Richard Fletcher or Mr. Marcus Smith wishes to do so, Coeur d'Alene Paving shall permit them to review their personnel file to ensure that all such references have been expunged. Coeur d'Alene Paving will not add any information or references to the personnel file of Mr. Shawn or Mr. Richard Fletcher or Mr.

Marcus Smith regarding this charge of discrimination and this lawsuit after such references have been expunged.

    E.    <u>Policies Designed to Promote Supervisor Accountability</u>

15. Coeur d'Alene Paving shall advise all managers and supervisors of their duty to ensure compliance with its EEO policies, and to report any incident or complaint of harassment, discrimination, or retaliation, of which they become aware. If a manager or supervisor violates Coeur d'Alene Paving's EEO policies, he/she may be subject to discipline up to and including termination and compensation may be affected. Coeur d'Alene Paving shall appropriately discipline any managers and supervisors who retaliate against any employee for reporting or relaying any incident of discrimination or retaliation under Coeur d'Alene Paving's EEO policy, or for participating in or conducting an investigation of such an incident.

16. Coeur d'Alene Paving shall include "commitment to equal employment opportunity" or similar designation as a criterion for qualification for evaluation of supervisory positions.

    F.    <u>Reporting</u>

17. Coeur d'Alene Paving shall report in writing and in affidavit form to the EEOC beginning six (6) months from the date of the entry of this decree, and thereafter every six months for the duration of the decree the following information:

    a.    Certification of the completion of training and list of attendees set forth in Paragraph 12 above, and a list of all attendees including job titles.

    b.    Certification that its EEO policy has been sent to all current and newly hired employees as described in Paragraph 12 above.

[PROPOSED] CONSENT DECREE

c. A copy of its EEO policy and a list of any changes, modifications, revocations or revisions to its EEO policies and procedures which concern or affect the subject of discrimination and retaliation; and

d. A summary of all harassment, discrimination and retaliation complaints, if any, filed by employees, identified by name, and the resolution of each complaint.

G. Posting

18. Coeur d'Alene Paving shall post a Notice, attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board at Coeur d'Alene Paving for the duration of the Consent Decree.

## VI. ENFORCEMENT

19. If the EEOC determines that Coeur d'Alene Paving has not complied with the terms of this Decree, the EEOC will provide written notification of the alleged breach to Coeur d'Alene Paving. The EEOC will not petition the Court for enforcement of the decree for at least thirty (30) days after providing written notification of the alleged breach. The 30-day period following the written notice shall be used by the parties for good faith efforts to resolve the dispute, or for Coeur d'Alene Paving to cure the breach. In those cases where it would take longer than thirty (30) days to cure the breach, Coeur d'Alene Paving may have such additional time as may be necessary by agreement with the EEOC so long as Coeur d'Alene Paving takes all reasonable efforts to cure the breach within the thirty (30) day period.

## VIII. RETENTION OF JURISDICTION

20. The United States District Court for the District of Idaho shall retain jurisdiction over this matter for the duration of the decree.

## IX. DURATION AND TERMINATION

21. This Decree shall be effect for four (4) years from the date the Court enters this Decree. If the EEOC petitions the Court for breach of the Decree, and the Court finds Coeur d'Alene Paving to be in violation of the terms of the Decree, the Court may extend the duration of the Decree.

## X. CONCLUSION

22. The parties are not bound by any provision of this decree until it is signed by authorized representatives of each party and is entered by the Court.

Dated this 5th day of December, 2008.


BY:     /s/ William R. Tamayo____

WILLIAM TAMAYO
Regional Attorney
San Francisco District
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

JOHN F. STANLEY
Supervisory Trial Attorney

MOLLY P. KŰÇŰK
Trial Attorney

Seattle Field Office
909 First Avenue, Suite 400

Seattle, Washington 98104
Ph. (206) 220-6892
Fax (206) 220-6911

Molly.Kucuk@EEOC.gov

Attorneys for Plaintiff EEOC


[PROPOSED] CONSENT DECREE

- 9 -

BY:  */s/ Regina M. McCrea*

Regina M. McCrea
OWENS & CRANDALL, PLLC
1859 North Lakewood Drive, Suite 104
Coeur d'Alene, Idaho  83814


Attorney for Defendant

[PROPOSED] CONSENT DECREE